# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT SPEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1030-SEB-VSS |
| ) | |
| NOBLE E. DUKE, *et al.* ) | |
| ) | |
| Defendants. ) | |

## Entry Discussing Complaint and Dismissing Action

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.    The plaintiff's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial initial filing fee is not feasible at this time.

2.    The complaint is subject to the screening required by 28 U.S.C. § 1915A(b). This statute requires the court to screen prisoner complaints at the earliest opportunity and "dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)).

3.    The plaintiff's claim is asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); see also *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

4.    Based on its review of the claims set forth in the complaint, and applying the above standard, the following rulings are made:

a.    The plaintiff is not entitled to assert a claim on behalf of a third person, including his minor child.

b.    The plaintiff alleges that he was not arrested on an open warrant before he engaged in new criminal conduct. The fact, if it is a fact, that police were awaiting the outcome of their "sting" operation before arresting the plaintiff does not support a claim under any provision of the Constitution or federal law.

5. "[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here. Accordingly, the action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 07/07/2006

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana